## Fire Protection Laws.

*Fire protection—Churches—Churches used for entertainment purposes— Acts of May 3, 1909, July 18, 1917, and May 11, 1921.*

1. Churches used primarily for the worship of God by their members and by those persons who, though not members, join in such worship are not public halls or places of public resort within the meaning of the Act of May 3, 1909, P. L. 417, as amended by the Act of May 11, 1921, P. L. 505.

2. Churches not leased or rented for entertainment, but used for the purpose of exhibiting moving pictures or for entertainments under the auspices of their own congregations, are not within the provisions of section 1 of the Act of May 3, 1909, P. L. 417, as amended by the Act of May 11, 1921, P. L. 505, nor of section 2 of the Act of May 3, 1909, P. L. 417, as amended by the Act of July 18, 1917, P. L. 1074.

Department of Justice. Opinion to Hon. R. N. Lansburgh, Secretary of Labor and Industry.

GOLLMAR, Dep. Att'y-Gen., Dec. 18, 1925.—In reply to your communication addressed to the Attorney-General, inquiring whether churches or places of worship in the following cases come under the provisions of the Act of May 3, 1909, P. L. 417, as finally amended by the Act of May 11, 1921, P. L. 505: *(a)* When used exclusively for the purpose of worship; *(b)* when used as a place for the holding of entertainments or other public programs; *(c)* when used as a place for the exhibition of moving pictures.

The purpose of the act, as expressed in the title, is to protect "persons from fire or panic in certain buildings, not in cities of the first and second class, by providing proper exits, fire-escapes, etc." . . .

As stated in an opinion rendered to your department on March 26, 1925, section 1 of this act specifies five classes of buildings to which the requirements of the act shall apply:

1. Public buildings, office buildings, sanitariums, hospitals, school-houses, hotels, etc.

2. Every building in this Commonwealth (other than buildings situated in cities of the first and second classes) used, or hereafter to be used, in whole or in part, as a theatre, moving-picture theatre, public hall, lodge hall or place of public resort.

3. Certain factories, workshops and mercantile establishments.

4. Certain boarding, lodging, tenement and apartment-houses.

The act then provides that all such buildings "Shall be equipped either with an automatic sprinkler system or with an automatic fire-alarm system, . . . and in all cases shall be provided with proper ways of egress or means of escape from fire, sufficient for the use of all persons accommodated, assembled, employed, lodged or residing therein, and such ways of egress and means of escape shall be kept free from obstruction, in good repair, properly lighted and ready for use at all times." . . .

The question is whether the words "public hall" or "place of public resort" (in class 2) include a church used primarily for the worship of God by its members and by those persons who, though not members, join in such worship?

Again quoting the opinion referred to above, Webster's Dictionary states that in general "public" expresses something common to mankind at large, to a nation, state, city or town, and is opposed to "private," which denotes that which belongs to an individual, to a family, to a company or *to a corporation.*

"Public" may be properly applied to the affairs of a state, or of a county, or of a community. In its most comprehensive sense it is the opposite of

340  DISTRICT AND COUNTY REPORTS.  [7 D. & C.]

Fire Protection Laws.

"private:" Poor District v. Poor District, 135 Pa. 393. The essential features of a public charity are that it is not confined to privileged individuals, but is open to the indefinite public, and it is this indefinite or unrestricted quality that gives it its public character: Donohugh's Appeal, 86 Pa. 306, 318. A Masonic Home, admission to which is determined by whether or not the applicant for admission is a Mason, is a private charity; when the right to admission depends on the fact of voluntary association with some particular society, then a distinction is made which does not concern the public at large: Philadelphia v. Masonic Home, 160 Pa. 572.

These definitions of the word "public" indicate the intent of the legislature to use it with reference to the "general public" in the act in question, for the rule is "that, in the construction of statutes, the terms and language thereof are to be taken and understood according to their usual and ordinary signification as they are generally understood among mankind, unless it should appear from the context and other parts of the statute to have been intended otherwise: Com. v. Minnich, 250 Pa. 363, 370."

Instead of indicating that the legislature intended otherwise, the context of the statute supports the application of the above rule and indicates that the word "public" was intended to signify the "general public" as distinguished from those who have become associated in some form of membership with some religious organization, as is the case of those who, by membership, have joined a church for the purpose of worship.

Furthermore, the act classifies the use to which the several buildings are put by giving such buildings their common descriptive term, such as lodge room, theatre, etc., and does not include churches in this enumeration.

While it is true that the general public is welcome to attend the religious services conducted under the auspices of most religious organizations, yet the places or buildings where such services are held are not either public halls or places of public resort. They are erected primarily as places of worship for the members of the particular congregation; the voluntary admission of others who are not members is a means by which the doctrines of the particular religious organization are promulgated and its purpose promoted, but the voluntary admission of those not members does not mean that such a building should thereby be classed as one to be used by the general public.

I am, therefore, of the opinion that churches or places of worship used exclusively for the purpose of the worship of God do not come within the provisions of section 1 of the Act of May 3, 1909, P. L. 417, as amended by the Act of May 11, 1921, P. L. 505.

In answer to your inquiries (b) and (c), as to whether such churches or places of worship come within the provisions of the act when they are used for the exhibition of moving pictures or for the purpose of entertainment, I beg to advise as follows:

For the purpose of answering this question, a study of section 2 of this Act of 1909, as amended by the Act of July 18, 1917, P. L. 1074, 1077, is necessary. A part of this section reads as follows:

"Section 2. In every theatre, moving-picture theatre, opera house or other building where stage scenery, moving picture or other apparatus is used or entertainments are given, there shall be provided one or more direct exterior doorways from the stage, and for dressing-rooms direct exterior doorways shall be provided, etc. . . .

"Neither on or about the stage, auditorium or galleries, nor in any other part of the building in which the said theatre, moving-picture theatre, opera

house or public hall is located, shall any inflammable or explosive oil be used or stored." . . .

A reading of this entire section in connection with the other sections of the act leads to the conclusion that its provisions refer to such buildings as are used either in whole or in part for the purpose of giving exhibitions attended by the "general public," and do not refer to churches or places of worship used primarily for the religious teaching of their members.

I am, therefore, of the opinion that churches *not leased or rented* for entertainment, but used mostly as a place of worship, do not come within the provisions of section 1 of the Act of May 3, 1909, P. L. 417, as amended by the Act of May 11, 1921, P. L. 505, or of section 2 of said act, as amended by the Act of July 18, 1917, P. L. 1074, referred to above, even though used for the purpose of exhibiting moving pictures or for entertainments, so long as such church buildings are not leased, owned or rented for the purpose of exhibiting moving pictures or for entertainment, and so long as said exhibitions and entertainments are conducted under the auspices of the particular congregation and the said building is used for the purpose of providing entertainment and religious instruction for its members and those of the general public who may join with them in such entertainments.

I realize that where there is a large assembly of people in a church building, there is an ever-present danger to life in case of fire or panic, and if you deem it essential to the safety of persons assembled in churches that such buildings should come under the provisions of the Act of May 3, 1909, P. L. 417, it might be well to have prepared for presentation to the next regular session of the assembly an amendment to accomplish that purpose.

From C. P. Addams, Harrisburg, Pa.